IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DEWAYNE HART | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 2:05CV00216 SWW |
| | * | |
| ANTHONY RENIGER, Chief of Police, Palestine Police Department; BRYAN HARRIS, Officer, Palestine Police Department; and WILLETTA CARROLL, Mayor; | * | |
| | * | |
| Defendants. | * | |

**Memorandum and Order**

Before the Court is defendants' motion to dismiss to which plaintiff has responded. For the reasons stated below, the motion is granted.

**Background**

Plaintiff Anthony DeWayne Hart filed this *pro se* complaint on August 25, 2005, while he was incarcerated in the St. Francis County Jail. He alleges, pursuant to 42 U.S.C. § 1983, that he has been harassed and threatened since 2004. He complains that separate defendant Bryan Harris, a Palestine, Arkansas, police officer, stops him for no reason, yells and curses at him, and tells him he is being arrested for disorderly conduct. Plaintiff alleges Harris "jerks" him around and slings him into Harris' police car, and that on the way to jail, Harris threatens to beat plaintiff so badly "[his] own moma won't know [him]." He claims Harris is always making threats while plaintiff is in handcuffs "about dropping [him] where [he] stand[s]." Plaintiff makes essentially the same

claims against separate defendant Anthony Reniger, the Police Chief: that he follows plaintiff around; curses him; takes him to jail for disorderly conduct; "gets me in handcuffs, I don't walk to the police cars, they sling me in the cars;"and make threats every time his "feet hits the ground." Plaintiff complains he cannot find or keep a job and thus, cannot pay child support because of the harassment. He seeks "help"for the alleged harassment and threats, suing defendants in their individual and official capacities.

Defendants move to dismiss the complaint, asserting that plaintiff has failed to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff responds, stating he will not dismiss his complaint because he is tired of the harassment, foul language, and threats.

**Discussion**

In considering a motion to dismiss for failure to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6), a *pro se* complaint must be liberally construed and a court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Holloway v. Lockhart*, 792 F.2d 760, 761-62 (8th Cir.1986), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the party opposing the motion to dismiss. *Id.* at 762. A motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint. *ACLU Foundation of Southern California v. Barr*, 952 F.2d 457, 467 (D.C.Cir. 1991). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims, irrespective of a judge's disbelief of a complaint's factual allegations or a judge's belief that the

plaintiff cannot prove what the complaint asserts. *Id. See also Hickman v. Tosco Corp.*, 840 F.2d 564, 565 (8th Cir. 1988); *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982). Thus, a motion to dismiss should be granted "'as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

For plaintiff to state a claim under § 1983, he must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). Construing plaintiff's complaint liberally, it appears his claims are based on his Fourth Amendment right to be free from unreasonable seizures.

**1. Threats**

Verbal threats and name calling usually are not actionable under § 1983. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *Martin v. Sargent,* 780 F.2d 1334, 1338, 1339 (8th Cir.1985). "'The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'" *King v. Olmstead County,* 117 F.3d 1065,1067 (8th Cir. 1997). In *Hopson v. Fredericksen,* 961 F.2d 1374,1378 (8th Cir. 1992), the court held that an arrestee's allegations that officers who uttered a racial slur and threatened to knock his remaining teeth out did not state a cognizable constitutional claim under § 1983. Although defendants' alleged conduct is not to be condoned, the Court finds plaintiff's claims of verbal threats and harassment fail to state a claim for relief.

**2. Unreasonable Force**

Plaintiff alleges defendants Harris and Reniger used unreasonable force in putting him in the police car after being arrested for disorderly conduct. He also alleges in his response to the motion to dismiss that "one of the cops slammed [him] down for no reason and spit in [his] face."[1]

Excessive force claims arising from arrests are appropriately analyzed under Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386 (1989). An officer's conduct is evaluated under an objective reasonableness standard. *Id.* at 395. *See Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir.1994) ("Claims that law enforcement officers used excessive force in making an arrest are analyzed under the Fourth Amendment, and the test is whether the amount of force used was objectively reasonable under the particular circumstances.").

Defendants do not address plaintiff's allegations concerning excessive force. However, plaintiff makes no allegation that he suffered any damage or injury as a result of being handcuffed, "jerked" around, and slung into the car. An essential element of any claim for excessive force is actual injury or damage. In *Hanig v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005), the court held: "An 'actual injury' must be shown to support an excessive force claim under the Fourth Amendment. For the application of handcuffs to amount to excessive force, there must be something beyond minor injuries." *Cf. Mayard v. Hopwood*, 105 F.3d 1226, 1228 (8th Cir. 1997) ("Although '[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment,' a police officer's slapping in the face and punching in the chest a handcuffed and hobbled prisoner while using a racial epithet are actions that result in a cognizable constitutional injury. These actions are of such a nature that we find that a constitutional injury is presumed to flow

---

[1]Docket entry 17.

from the wrong itself.") Because plaintiff fails to allege any actual damage or injury, an essential element of a claim for excessive use of force, the Court finds he fails to state a claim for relief.

Further, even presuming plaintiff's allegations concerning the officers' conduct are true, they are insufficient to state a cause of action for excessive use of force. *Cf. Murphy v. Lancaster,* 960 F.2d 746, 747 (8th Cir. 1992)(where the plaintiff claimed that police officers hit him in the face with their guns, took him to sheriff's office where they handcuffed him and kept hitting him until he passed out, the court held the allegations were sufficient to state a cause of action against the arresting officers). No matter how inappropriate, unprofessional, or reprehensible defendants' conduct may be, it does not rise to the level of a constitutional violation.

**Conclusion**

The Court finds that the motion to dismiss [docket entry 12] should be and is hereby granted.[2] Plaintiff's complaint is dismissed.

SO ORDERED this 24TH day of October 2005.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

[2]Plaintiff's motion to amend/correct his complaint to add the City of Palestine as a defendant [docket entry 8] is denied as moot.